IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P Matsch

Civil Action No. 07-cv-01878-RPM

SAMUEL ALLEN,

                          Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                          Defendant.

_____

ORDER FOR REVERSAL AND REMAND
_____

The application of Samuel Allen for Supplemental Security Income Benefits pursuant to 42 U.S.C. § 1383(c)(3), filed in October, 2004, was denied based on a decision of an Administrative Law Judge (ALJ), dated April 23, 2007, after a hearing held on October 10, 2006. Mr. Allen appeared at the hearing without counsel and gave an extensive opening statement, drawing praise from the ALJ for completeness. (R. 598-606). The claimant said that he had emphysema, Type 1 bipolar disorder, hepatitis C, post-traumatic stress disorder, anxiety disorder, migraine headaches and hypertension. (R. 598-599). Mr. Allen said that his number one complaint is fatigue which he believed to be the result of the hepatitis C and his medications. He also said that he received interferon injections every Sunday night, producing flu-like symptoms for several days. The ALJ noted the last medical record before him was a physical consultative examination report dated February 22, 2005, and announced at the

conclusion of the hearing that upon receipt from the claimant of the addresses of all his medical providers, the ALJ would obtain additional medical records.

In his decision, the ALJ wrote the following:

> The claimant has the following severe impairments: status post right arm amputation, hepatitis C, bipolar disorder, post-traumatic stress disorder, and a history of severe alcohol dependence. (20 CFR 416.920(c)).

(R. 17).

The ALJ did refer to medical records which he apparently received after the hearing and many of the reports are from contractors providing psychological services pursuant to a court order for supervision after a finding of not guilty by reason of insanity in a criminal case. The February 22, 2005, report was that of Dr. Claudia Elsner, M.D., a physician, the final paragraph of which reads as follows:

> This examiner assumes that the claimant's mental illness is the major issue for not being able to work a normal 40-hour a week. Also, it is known that the treatment with interferon can cause significant fatigue and decreased physical stamina.

(R. 450).

The medical records also include a "Med-9" form completed by Dr. Mark Matthews, M.D., a treating physician, expressing the opinion that Mr. Allen was disabled because of bipolar disorder, hepatitis C and emphysema. (R. 542-543). The ALJ rejected this opinion, finding that there was no information provided on the form explaining the conclusion and the treatment notes did not support such a conclusion. (R. 22).

The treatment notes relied on extensively by the ALJ are those of the contractors responsible for the court ordered supervision. As noted by Dr. Kirsty O'Donovan, M.D.,

who saw the claimant on October 13, 2006, at Kaiser Permanente, Mr. Allen was not being honest concerning his symptoms because he was concerned that it would result in an extension of his period of supervision. (R. 468).

The ALJ made the following statement rejecting the claimant's testimony concerning chronic extreme fatigue:

> Furthermore, and this is extremely important and not at all consistent with his allegations of severe fatigue and lack of mental clarity due to hepatitis C and other impairments, claimant was able to attain a Master's degree in Chemistry after his alleged disability onset date. <u>Attainment of such a degree after the alleged onset date erodes entirely his allegations of severe and debilitating fatigue and mental symptoms</u>. In addition, it is important to note that claimant continues to make plans to write a book and/or seek his Doctoral degree. Lastly, claimant's mental health records depict an individual who generally has normal mental status examinations and are optimistic regarding his prognosis. (Emphasis added.)

(R. 22).

The ALJ's decision denying disability was at Step 5 of the sequential evaluation process. The vocational expert who testified at the hearing found that based on the ALJ's hypothetical question concerning Mr. Allen's limitations, he could perform the jobs of usher, surveillance system monitor, school bus monitor and gate guard. The hypothetical question gave no reference to chronic fatigue as a limitation. When the ALJ added that the individual would have to lie down and nap two times a day because of fatigue, the witness said that such an accommodation would not be tolerated in competitive employment. Likewise, when asked about the effects of taking interferon on a Sunday night and resulting absences of two days on average, the witness said that such a limitation would not be compatible with competitive employment.

While credibility determinations are the province of an ALJ, the stated reason for

3

rejecting the claimant's testimony concerning fatigue and the effects of interferon is itself not credible. The ALJ ignored the fact that Mr. Allen's attainment of a Master's degree required seven years and there is nothing to suggest that that information is not correct. That does not exclude chronic fatigue as a limitation. Additionally, there are medical records reporting chronic fatigue and the adverse effects from medications, including interferon, as substantial limitations on the claimant's functioning in daily activities. Given the records before him, before complete rejection of the opinion of the treating physician, the ALJ had a duty of further inquiry. The Commissioner has the burden to support a Step 5 finding by substantial evidence.

Upon the review of the administrative record, the decision denying disability in this case is not supported by substantial evidence and it is therefore

ORDERED that the decision is reversed and this matter remanded for a new evaluation which should include competent medical opinions regarding the claimed limitations of chronic fatigue resulting from medications and the other adverse side effects of the claimant's prescribed medications.

Dated: February 25th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge